AO 106 (Rev. 04/10) Application for a Search Warrant

**FILED**
U.S. District Court
District of Kansas

# UNITED STATES DISTRICT COURT

for the

District of Kansas

9/30/2021

Clerk, U.S. District Court
By_____AA_____Deputy Clerk

In the Matter of the Search of
*(Briefly describe the property to be searched
or identify the person by name and address)*

Information associated with Kik Account Dustymuffin12, as
further described in Attachment A

)
)
)
)
)

Case No. 21-MJ-6170_01-GEB

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
Information associated with Kik Account Dustymuffin12, as further described in Attachment A

located in the _____Central_____ District of _____California_____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2251 | Production of Child Pornography |
| 18 U.S.C. § 2252/2252A | Offense relating to the Sexual Exploitation of Children |

The application is based on these facts:

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

John V. Ferreira, Special Agent, HSI
*Printed name and title*

Sworn to before me and signed telephonically.

Date: 9/30/2021

_____
*Judge's signature*

City and state: Wichita, Kansas

Honorable Gwynne E. Birzer, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF AN
## APPLICATION FOR A SEARCH WARRANT

I, John V. Ferreira, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.        I have been employed as a Special Agent ("SA") of the U.S. Department of Homeland Security, Homeland Security Investigations ("HSI") since 2004 and am currently assigned to the Kansas Internet Crimes Against Children Task Force (ICAC).  Previous to my employment with HSI, I was a state trooper/detective with the Arizona Department of Public Safety for nine (9) years. While employed by HSI, I have investigated federal criminal violations related to high technology or cybercrime, child exploitation, and child pornography.  I have gained experience through training and everyday work relating to conducting these types of investigations.  I have received training in the area of child pornography and child exploitation and have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media including computer media.  Moreover, I am a federal law enforcement officer who is engaged in enforcing the criminal laws, including 18 U.S.C. §§ 2251, 2252, and 2252A, and I am authorized by law to request a search warrant.

2.        This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(I)(A) and 2703(c)(1)(A) to require Kik to disclose to the government records and other information in its possession, further described in Attachment B, pertaining to the accounts, further described in Attachment A.

3.        As will be shown below, there is probable cause to believe that the identified Kik accounts have been involved in the production, transportation, distribution, receipt, and possession of child pornography, in violation of 18 U.S.C. §§ 2251, 2252, and 2252A. I submit this application

and affidavit in support of a search warrant authorizing the search of the accounts described in Attachment A. I seek authorization to examine the accounts to seize evidence, fruits, and instrumentalities, relating to the aforementioned criminal violations, and as further described in Attachment B.

4.       The statements in this affidavit are based in part on information provided by Kik, Snapchat, the National Center for Missing and Exploited Children (NCMEC), and other law enforcement officers, including Parsons Police Department, and Wichita Police Department/Sedgwick County Sheriff investigators, and on my review and investigation into this matter. Because this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that contraband and evidence, fruits, and instrumentalities of violations of 18 U.S.C. §§ 2251 (production of child pornography), 2252A(a)(2) (distribution/receipt of child pornography) and 2252A(a)(5)(B) (possession of child pornography) may be found in the account(s) described in Attachment A.

## JURISDICTION

5.       This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A) & (c)(1)(A). Specifically, the Court is "a District court of the United States that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

Page **2** of **20**

6.     This search warrant application is part of an ongoing investigation into the production, distribution, receipt, and possession of child pornography by Dustin Strom, Thommie-Lyn Stansky, and others known and unknown. Background into this investigation is contained in the affidavits in support of search warrants 21-MJ-06143-GEB, 21-MJ-06156-GEB, 21-MJ-06159-GEB, and 21-MJ-06160-GEB, and 21-MJ-06163-GEB, 21-MJ-06166-GEB, and 21-MJ-06167-GEB, all of which are incorporated herein by reference.

**Background on Kik**

7.     Kik is a free-access social-networking application owned by the company Medialab.ai Inc., and is available free of charge on iOS and Android operating systems. Kik allows its users to create their own profile, which can include a photo of themselves and other information. Users can access Kik through a special electronic application ("app") created by the company that allows users to access the service through a mobile device. It uses a mobile device's data plan or Wi-Fi to transmit and receive messages, photos, videos, sketches, mobile webpages, and other content after users register a username.

8.     Kik permits users to share photos and videos through its messaging service. Upon creating a Kik account, a Kik user must create a unique Kik username and an account password. This information is collected and maintained by Kik. Kik asks users to provide basic identity and contact information upon registration and also allows users to provide additional identity information for their user profile. Kik collects and maintains this information.

9.     Kik also allows users to maintain contact lists of other Kik users who they actively communicate with directly or in groups. Kik provides the availability to join group chats with other

users who may not be on their contact list. Photos and videos can be shared to the group or directly between contacts.

10.     For each user, Kik also collects and retains information, called "log file" information, every time a user requests access to Kik, whether through a web page or through an app. Among the log file information that Kik's servers automatically record is the particular web requests, any IP address associated with the user, users account, and dates and times of access.

11.     Kik also collects information on the particular devices used to access Kik. In particular, Kik may record "device identifiers," which includes data files and other information that may identify the particular electronic device that was used to access Kik.

### A Kik Cybertip leads to Identifying Strom

12.     On about August 22, 2021, Kik submitted a CyberTipline Report to NCMEC identifying user screen-name "dustymuffin12" (**TARGET ACCOUNT,** further described in Attachment A) had uploaded 77 files, included depictions of prepubescent children engaged in sex acts (described below), between July 17 and August 8, 2021. The uploads were individually identified by Kik as either shared in a messaging group or sent in private chat message. As part of its report, Kik provided account information which included an associated email address of drstrom96@gmail.com with an account registration date of September 3, 2017.

13.     As an example of the content reported by Kik, the user had uploaded a video file (identified as d62c12b8-125c-4f0e-abf6-cef1307580f8.mp4), which depicted an adult male sticking his penis into an infant's mouth. This file was sent on August 8, 2021, via private chat message.

14.     Another example was an image of a prepubescent child (MINOR VICTIM 1) seated next to an adult male with the adult's penis exposed next to the child's face, suggestive that the child will be made to perform oral sex. Kik reported that image had been shared from the account on July 23, 2021 at 22:40:34 UTC[1] via private chat message, and then shared again seven more times into August.[2] NCMEC determined the images involving MINOR VICTIM 1 had not been seen/reported before, such that those images were likely newly produced.

15.     As part of its triage of the report, NCMEC conducted a search for other CyberTip reports relating to "drstrom96" and found three prior reports: 84947557, 94203089, and 95382480.

16.     Report 84947557 related to a Kik report on or about January 22, 2021[3], where Kik identified user "bigbluedust" with email address drstrom96@gmail.com had uploaded 9 files of apparent child pornography. Several of these files depicted prepubescent children engaged in oral sex.

17.     Report 94203089 related to a Snapchat report on or about July 2, 2021, where Snapchat identified user "dustmuffin96" with email address drstrom96@gmail.com had uploaded

---

[1] This time converts to 5:40pm Central on July 23, 2021, which is pertinent to activity observed on Dillon Everman's device, discussed later.

[2] Altogether, the image was sent by private message once on July 23, twice on July 24, once on July 26, twice on July 31, once on August 2, and once on August 4.

[3] Because this activity overlaps with the creation of the "dustymuffin12" account, it is likely that the dustymuffin12 account will contain reference to the "bigbluedust" account in communications with other offenders, as a means of verifying credentials with those like-minded offenders (i.e., "Hey, you know me as bigbluedust, but that account was closed down. Let's pick up where we left off."). For this reason, this application seeks information going back to January 1, 2021.

a file depicting a 41 second video of a prepubescent female under the age of six, with her mouth around an adult's erect penis. She steps away from the male, removes her shorts, exposes her genitals, turns and exposes her genitals and anus to the camera, and adult male hand grabs her bottom to manipulate her further.

18.     Report 95382480 related to a Snapchat report on or about July 14, 2021, where Snapchat identified user "vikkingd" with email address drstrom96@gmail.com had uploaded a file that Snapchat identified as apparent child pornography. The file depicted a movie of an adult male subjecting a prepubescent female to anal penetration.

19.     NCMEC conducted a database check for drstrom96@gmail.com and found it connected to Dustin Kenneth Strom in Parsons, Kansas. Additionally, a search for Dustin Strom in Parsons, Kansas revealed a non-pornographic image of MINOR VICTIM 1 posted to the public-facing portion of Dustin Strom's account.

### Search of the Strom/Stansky Residence

20.     Additional research into Dustin Strom revealed his residence and connection to Thommie-Lyn Stansky at 1016 South 15th Street, Parsons, Kansas. A search warrant (21-MJ-6143-01-GEB) for the Strom/Stansky residence was executed at the residence on August 23, 2021, resulting in the seizure of Stansky's phone, the confirmation of the location of the picture referenced in paragraph 8 above, and the identification of MINOR VICTIM 1.

### Interview of Strom

21.     Strom was not present at the residence and was instead on a trucking route. In the late evening hours of August 23, 2021, Strom was stopped and subsequently detained by Missouri

Highway Patrol. Following waiver of his Miranda rights, Strom admitted to taking five or six pictures with his phone of MINOR VICTIM 1. Strom stated he took the photos at the request of another party on either the Grinder app or Kik app, approximately three months ago, and admitted to sharing the photos with the other party through the application on his phone. Strom also admitted to receiving a link to "hundreds" of images of child porn in return for the photos, which he viewed.

22.     Strom consented to the examination of his phone which revealed it had been connected to the drstrom96@gmail.com account. The phone also contained additional images of child pornography involving MINOR VICTIM 1, other images involving another minor child, MINOR VICTIM 2[4], who was subjected to sex acts which appear to be perpetrated by Strom (based upon the perpetrator's similar features to Strom, including a visible vein that appears on Strom's erect penis seen in other "selfie" photographs of Strom on his phone). The phone also contained recent (August 23, 2021) Snapchat messages showing Strom sent another user two MegaNZ links that connected to two different folders in the same MegaNZ account, including a link to a folder which bore MINOR VICTIM 1's name and contained images of MINOR VICTIM 1. These images had titles suggesting creation timestamps in February, April, and June of 2021. The other link contained child pornography (images depicting prepubescent children engaged in various sex acts) that appeared to have been obtained from other sources.

**Examination of Stansky's phone**

---

[4] MINOR VICTIM 2 was subsequently identified as a 2 year old child related to Ivy Duvall, a former girlfriend of Strom's.

23.     When law enforcement examined Stansky's phone, it revealed images of Strom engaged in sex acts with MINOR VICTIM 1, an image of Stansky (depicting her face) engaged in a sex act upon a prepubescent child (later identified as MINOR VICTIM 1), and images of a very young minor female subjected to penetrative sex acts or manipulation of the minor's genitals. The hands in the picture looked very similar to the hands of Stansky, whom agents had interviewed and observed on August 23, 2021.

24.     The phone also revealed Snapchat and Kik had been installed and used on the phone. Additionally, the phone contained artifacts indicating it had been connected to MegaNZ (the same provider as observed in Strom's messaging).

25.     Having discovered child pornography involving Stansky, law enforcement arrested Stansky. During a Mirandized interview, Stansky admitted to engaging in sex acts with MINOR VICTIM 1 and MINOR VICTIM 2, and that such activity occurred in Parsons, Kansas around June of 2021. Stansky also admitted transmitting images of child pornography to Strom. Stansky also advised that she had seen Strom's former girlfriend Ivy Duvall engaged in sex acts with MINOR VICTIM 1.

### Interview of Ivy Duvall

26.     Having learned that a minor family member of Ivy Duvall had been sexually abused by Strom and Stansky, and that Duvall had been involved in the sexual abuse of another minor, investigators found and arrested Ivy Duvall. During a Mirandized interview, Duvall admitted Strom discussed his interest in child pornography and that he showed her child pornography on his phone. Duvall advised she downloaded Kik to her phone, as instructed by Strom. She admitted

to receiving child pornography from Strom via Snapchat as part of these communications. She acknowledged leaving MINOR VICTIM 2 with Strom and others at Strom's residence, knowing his sexual interest in children. She otherwise denied any involvement in child pornography activities, and claimed Strom had access to her phone everyday she was with him.

27.     Duvall described moving into Strom's residence in May and, at some point, broke up but returned, last seeing Strom in July 2021.

28.     During the interview, Duvall consented to examination of her Motorola phone and provided her passcode. Examination of Duvall's phone contained no evidence related to Stansky and Strom. Closer inspection revealed Duvall had only recently (on August 26, 2021, three days after the search warrant) started using the phone.[5] Examination also revealed Duvall's phone did not have the same phone number as found in Stansky's or Strom's contacts for Ivy Duvall. Information derived from a summons for Duvall's Snapchat account revealed she had recently accessed Snapchat on August 25. Altogether, this strongly indicates that Duvall has hidden the phone used during her activities with Strom and Stansky, but evidence of those activities may still be found in the accounts of Strom and Stansky.

### Tracking down the MegaNZ links

29.     Det. Wright sent a request for information to MegaNZ to identify (and preserve) the account(s) associated with the links observed in Strom's Snapchat messaging. MegaNZ

_____

[5] The phone had been used prior to November 2020, at which point it appears Duvall stopped using this phone. She then began re-using the phone on August 26, 2021, according to the timeline of data.

responded by providing user information for the account. According to MegaNZ, the account had

been created on March 27, 2020, using dillone1991@gmail.com, under the name Dillon Everman.

It was associated with an Iphone using iOS 8.2 (this is an operating system used for older Iphones).

30.     MegaNZ reported the account contained 2972 files and 33 folders. The account had

seven active links, including the two observed in Strom's Snapchat messaging. The link to content

involving Minor Victim 1 had been created on June 2, 2021. The other link observed in Strom's

Snapchat messaging had been created on April 19, 2021.

### Interview of Dillon Everman

31.     On September 16, 2021, your affiant and Det. Jennifer Wright of the Kansas ICAC

contacted Dillon Everman at his workplace in Parsons, Kansas, for a non-custodial interview.

During this interview, agents observed that Dillon Everman had an older Iphone, consistent with

the make of phone associated with the MegaNZ account. Everman confirmed that he used the

dillone1991@gmail.com account. He admitted he had the MegaNZ application on his phone. He

also admitted he met Dustin Strom on Grindr. He further admitted he gave Strom his password

and login for his MegaNZ account for Strom to store material in his account. After these

admissions, Everman requested to take a lunch break with his mother, and was allowed to leave

(though agents retained his phone to prevent destruction of the evidence). Upon his return,

Everman terminated the interview. Everman's phone was placed in airplane mode and retained to

preserve evidence.

### Examination of Everman's phone

32.     A search warrant (21-MJ-06166-GEB) was obtained to examine the contents of Everman's phone. Everman's phone revealed child pornography and communications with other individuals discussing the sexual abuse of child or production of child pornography.

33.     Everman's phone included "dustmuffin96" as a contact. This was a Snapchat account of Dustin Strom, reported by Snapchat on July 2, 2021 for uploading child pornography.

34.     In Everman's phone's Photo application, under the album "Hidden,"[6] Det. Wright found an image of Strom (showing his face with penis exposed) with a date of July 7, 2021 and timestamp of 7:06pm along with an image of Strom abusing MINOR VICTIM 1 with a date of July 7, 2021 and timestamp of 7:07pm (the same date and relative time suggesting Everman first saved the image of Strom and then saved the image of Strom abusing MINOR VICTIM 1). Also under "Hidden" files, Det. Wright found the image of Strom and MINOR VICTIM 1 (reported by Kik and referenced in paragraph 9 above) with a date of July 23, 2021 and timestamp of 5:41pm. The date and time for this latter image is within a minute of the transmission of that same image from the **TARGET ACCOUNT** reported by Kik (referenced in paragraph 14 and footnote 1 above).

35.     Comparing Dustin Strom's admissions to the admissions of Dillon Everman, it appears that the two met via Grindr around the end of May/beginning of June 2021. From the

---

[6] The "Hidden" utility for Apple Photos allows a user to avoid having the photos or videos appears in the user's library, in other albums, or in the Photos widget on the user's Home Screen. When the "Hidden" utility is selected for a photo or video, it is placed in the "Hidden" album, which remains accessible to the user. For additional explanation, visit the Apple support page: https://support.apple.com/en-us/HT205891

contact and images found of Everman's phone, it appears the two communicated through Snapchat and Kik, both of which were used by Strom to distribute child pornography. Thus, Strom's Kik account is likely to contain evidence of his and Everman's involvement in the production of child pornography.

36.     Likewise, it appears Strom instructed both Stansky and Duvall to install and use Kik during roughly the same period, such that is it likely that his Kik account is likely to contact evidence of Strom's, Stansky's, and Duvall's involvement in the production of child pornography.

37.     Moreover, given the frequency of private messages sent by Strom, his account is likely to contain evidence of other unknown individuals or groups who are similarly involved in obtaining, trading, and/or producing child pornography.

## CHARACTERISTICS OF CHILD PORNOGRAPHERS

38.     From my own observation and experience, as well as conversation with other experienced investigators, including those at the Kansas ICAC, I have learned the following regarding child pornography offenders.

39.     The majority of individuals who collect child pornography are persons who have a sexual attraction to children.  They receive sexual gratification and satisfaction from sexual fantasies fueled by depictions of children that are sexual in nature. In this investigation, Strom has exhibited an interest in the sexual exploitation of children, and appears to have found like-minded offenders in Stansky, Duvall, and Everman to aid him in creating and distributing new depictions of children subjected to sex acts. Further, Strom has used the **TARGET ACCOUNT** for this purpose.

40.     The majority of individuals who collect child pornography collect sexually explicit materials, which may consist of photographs, magazines, motion pictures, video tapes, books, slides, computer graphics or digital or other images for their own sexual gratification. The majority of these individuals also collect child erotica, which may consist of images or text that do not rise to the level of child pornography, but which nonetheless fuel their deviant sexual fantasies involving children. In this investigation, Strom appears to have created, distributed, received and retained images of minors engaged in sex acts, including on his device and in cloud storage.

41.     The majority of individuals who collect child pornography often seek out like-minded individuals, either in person or on the Internet, to share information and trade depictions of child pornography and child erotica as a means of gaining status, trust, acceptance and support. This contact also helps these individuals to rationalize and validate their deviant sexual interest and associated behavior.   The different Internet-based mediums used by such individuals to communicate with each other include, but are not limited to, P2P, e-mail, e-mail groups, bulletin boards, IRC, newsgroups, instant messaging, and other similar vehicles. Frequently, multiple mediums will be used. In this investigation, Strom is known to have used multiple mediums (such as Grindr, Kik, Snapchat, Gmail/Google Photos and other online storage) as part of the exploitation.

42.     The majority of individuals who collect child pornography often collect, read, copy or maintain names, addresses (including e-mail addresses), phone numbers, or lists of persons who have advertised or otherwise made known in publications and on the Internet that they have similar sexual interests. These contacts are maintained as a means of personal referral, exchange, or

commercial profit. This is particularly true where, as here, the individuals are in contact with other like-minded offenders. In this case, it is likely the **TARGET ACCOUNT** will contain additional evidence of these contacts, including identifiers for the individuals or groups with whom Strom was involved.

43.     Because of the many characteristics which Strom manifest (discussed above), the **TARGET ACCOUNT** operated by Strom is likely to contain evidence of his (and others) criminal activities, including: child pornography; contacts with and identifiers of other child pornographers; evidence of creation, access, and operation of the accounts (including Snapchat, Kik, and online storage) used in the production, distribution and receipt of child pornography, as discussed herein; and evidence associated with user attribution for the accounts (such as IP information, registration information, and messages indicating verifying account access).

## CONCLUSION

44.     Based on the foregoing facts, there is probable cause to believe the above-identified Kik account (further described in Attachment A) have been used to facilitate or commit the production, transportation, distribution, receipt, and possession of child pornography, in violation of 18 U.S.C. §§ 2251, 2252, and 2252A, and that evidence of those criminal offenses will be located in the account described above. Further, I submit that such evidence, listed in Attachment B to this affidavit, constitutes contraband, the fruits of crime, or things otherwise criminally possessed, or property which is or has been used as the means of committing the foregoing offenses.

45.    Therefore, I respectfully request that the attached warrant be issued authorizing the search and seizure of the account, listed in Attachment A, for the evidence listed in Attachment B.

Respectfully submitted,

John V. Ferreira
Special Agent
Homeland Security Investigations

Subscribed and sworn to before me, telephonically, on _____September 30_____, 2021.

GWYNNE E. BIRZER
UNITED STATES MAGISTRATE JUDGE

Page **15** of **20**

## ATTACHMENT A

*Property to be searched*

The property to be searched is the account identified as:

User/screen Name: **dustymuffin12**

User ID: **dustymuffin12_vyq**

Associated Email Address: **drstrom96@gmail.com**

that is stored at premises owned, maintained, controlled, or operated by KIK c/o MEDIALAB.AI

INC., headquartered at 1237 7th Street, Santa Monica, CA 90401.

## ATTACHMENT B

*List of Items to be Searched for and Seized*

**I.      Information to be disclosed by KIK C/O MEDIALAB.AI INC.**

To the extent that the information described in Attachment A is within the possession, custody,

or control of MediaLab, Inc., regardless of whether such information is located within or outside

of the United States, and including any messages, records, files, logs, or information that have

been deleted but are still available to MediaLab, Inc., or have been preserved pursuant to a

request made under 18 U.S.C. § 2703(f), MediaLab, Inc. is required to disclose the following

information to the government for each account or identifier listed in Attachment A:

All subscriber/account information and content related to the following Kik account:

User/screen Name: **dustymuffin12**

User ID: **dustymuffin12_vyq**

Associated Email Address: **drstrom96@gmail.com**

The account (identified hereafter as **dustymuffin12**) information shall include, but not be limited

to:

1. Subscriber data, unrestricted by date, associated to the Kik account

    a.  Basic current subscriber information provided by the user, such as current first and
        last name and email address

    b.  Link to the most current profile picture

    c.  Device related information

2

     d.  Account creation date and Kik version

     e.  Birthdate and email address used to register the account

     f.  User location information

2. IP addresses associated to the Kik account from January 1, 2021 to August 23, 2021, including remote port information

3. All transactional chat logs associated to the Kik account from January 1, 2021 to August 23, 2021

4. All images and videos associated to the Kik account, including the unknown usernames and IP address associated to the sender of the images and videos from January 1, 2021 to August 23, 2021

5. A date-stamped log showing the usernames that the Kik account added and/or blocked from January 1, 2021 to August 23, 2021

6. All abuse reports associated to the Kik account, including the unknown usernames from January 1, 2021 to August 23, 2021

6. All emails associated to the Kik account from January 1, 2021 to August 23, 2021

7. Information of any and all groups the Kik account accessed, whether public or private, to include all available chats, images, videos, nicknames and Kik usernames of other group participants, from January 1, 2021 to August 23, 2021

**Kik is hereby ordered to disclose the above information to the government within 14 DAYS of issuance of this warrant. (Kik may request an extension, and such extension may be authorized by the receiving agent or agency, John Ferreira of HSI.)**

**II.**     **Information to be seized by the government**

All information described above in Section I that constitutes fruits, evidence and instrumentalities of violations of the criminal violations of 18 U.S.C. §§ 2251, 2252A(a)(2) and 2252A(a)(5)(B), as described in the Affidavit, including information pertaining to the following matters:

1. The identity of the person(s) who created or used the Kik account, including records that help reveal the whereabouts of such person(s) at the time of such creation and use;

2. Evidence indicating how and when the Kik account was accessed or used, to determine the chronological and geographic context of account access, use, and events relating to the crime under investigation and to the Kik account owner;

3. Evidence indicating the Kik account owner's state of mind as it relates to the crimes under investigation;

4. Evidence of visual depictions of minors engaged in sexually explicit conduct, child pornography, and child erotica;

5. Evidence of communications pertaining to child pornography, child sexual abuse, and child sexual exploitation, and specifically including communications between, with or about MINOR VICTIM 1, MINOR VICTIM 2, Dustin Strom, Thommie-Lyn Stansky, Ivy Duvall, and/or Dillon Everman, and including the identifiers of accounts engaged in such communication;

6. Depictions of MINOR VICTIM 1 or MINOR VICTIM 2 which may be used for comparison to child pornography involving MINOR VICTIM 1 or MINOR VICTIM 2;

4

7.  Evidence pertaining to operation of, or communication with, the Kik, Snapchat, MegaNZ, and Gmail accounts described in the attached affidavit.

## III.    Method of delivery

Notwithstanding 18 U.S.C. §§ 2251, 2252 and 2252A or any similar statute or code, KIK c/o MEDIALAB.AI INC. shall disclose responsive data by sending, on any digital media device, to:

> Special Agent John V. Ferreira, Homeland Security Investigations
> C/O: Kansas Internet Crimes Against Children Task Force
> 1211 S. Emporia
> Wichita, Kansas 67211

or emailing to John.V.Ferreira@ice.dhs.gov.

5